UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS DAVID STOPAR,<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>**INFORMATION**<br><br>18 U.S.C. §§ 2251(a) and (e)<br>18 U.S.C. §§ 2252(a)(4)(B) and (b)(2)<br><br>**FORFEITURE ALLEGATION** |

**THE UNITED STATES ATTORNEY CHARGES:**

### COUNT ONE
### (Sexual Exploitation of a Minor)

1. Between June of 2022 and July of 2023, the exact dates being unknown, in the Southern District of Ohio, the defendant, **DENNIS DAVID STOPAR**, having been previously convicted of an offense under the laws of Ohio relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward – that is, in the Summit County Court of Common Pleas, case number 94-11-3008, by Judgment Entry dated December 12, 1995, for Rape, in violation of Ohio Revised Code Section 2907.02(A)(2) – did employ, use, persuade, induce, entice, and coerce a minor, specifically Minor Victim One, an approximately eleven-year-old girl, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital images and/or video files depicting Minor Victim One engaged in the lascivious exhibition of the anus, genitals, and pubic area and genital-to-genital sexual intercourse, the production of such visual depictions using materials that had been mailed, shipped and transported

in and affecting interstate and foreign commerce by any means, specifically the internet and cellular phones.

**In violation of 18 U.S.C. §§ 2251(a) & (e).**

## COUNT TWO
### (Sexual Exploitation of a Minor)

2. Between June of 2022 and July of 2023, the exact dates being unknown, in the Southern District of Ohio, the defendant, **DENNIS DAVID STOPAR**, having been previously convicted of an offense under the laws of Ohio relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward – that is, in the Summit County Court of Common Pleas, case number 94-11-3008, by Judgment Entry dated December 12, 1995, for Rape, in violation of Ohio Revised Code Section 2907.02(A)(2) – did employ, use, persuade, induce, entice, and coerce a minor, specifically Minor Victim Two, an approximately eight-year-old girl, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital images and/or video files depicting Minor Victim Two engaged in the lascivious exhibition of the anus, genitals, and pubic area, genital-to-genital sexual intercourse, and masturbation, the production of such visual depictions using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, specifically the internet and cellular phones.

**In violation of 18 U.S.C. §§ 2251(a) & (e).**

## COUNT THREE
### (Possession of Child Pornography)

3. On or about December 28, 2023, in the Southern District of Ohio, the defendant **DENNIS DAVID STOPAR**, having been previously convicted of an offense under the laws of

Ohio relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward – that is, in the Summit County Court of Common Pleas, case number 94-11-3008, by Judgment Entry dated December 12, 1995, for Rape, in violation of Ohio Revised Code Section 2907.02(A)(2) – did knowingly possess matter, that is, digital image and video files stored on multiple cellular telephones and digital media devices, which contained one or more visual depictions that had been transported using any means and facility of interstate and foreign commerce, the production of such visual depictions having involved the use of prepubescent and pubescent minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such visual depictions being of such conduct.

**In violation of 18 U.S.C. §§ 2252(a)(4)(B) & (b)(2).**

## FORFEITURE ALLEGATION

4. The allegations of this Information are hereby incorporated by reference as if fully rewritten herein for purposes of alleging forfeitures to the United States of America pursuant to 18 U.S.C. § 2253.

5. Upon conviction of any offense alleged in Counts One, Two and Three of this Information, the defendant, **DENNIS DAVID STOPAR**, shall forfeit to the United States:

(a) all matter containing said visual depictions of child pornography and child erotica, transported, mailed, shipped and possessed in violation of 18 U.S.C. § 2251 and/or 18 U.S.C. § 2252; and

(b) all property used and intended to be used to commit and to promote the commission of the aforementioned violations, including but not limited to the following:

- Black Samsung Galaxy A02S Cell Phone, IMEI 350207636648641;
- Black Samsung Galaxy S21 Ultra 5G Cell Phone, IMEI 355502299080933;
- Red HP Laptop Computer, serial number CN0049SJY2;

- Black HP Model 14-cb174wm Laptop Computer, serial number 5CD036CZY;
- Black 32GB SanDisk USB drive; and
- UMX Cell Phone U693CL, MEID 256691952409803056.

**Forfeiture in accordance with 18 U.S.C. §§ 2253(a)(1) and (3), 28 U.S.C. 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

KENNETH L. PARKER
United States Attorney

*/s/ Emily Czerniejewski*

**EMILY CZERNIEJEWSKI (IL 6308829)**
**JENNIFER M. RAUSCH (0075138)**
Assistant United States Attorneys