IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

 -vs-                                      CASE NO. 2:24-cr-177
                                              JUDGE WATSON

DENNIS DAVID STOPAR,

    Defendant.

### DEFENDANT'S SENTENCING MEMORANDUM

Now comes Defendant, Dennis Stopar, by and through undersigned counsel, and hereby submits the following memorandum in support of a sentence of 360 months. Such a sentence is sufficient but not greater than necessary to achieve the purposes of sentencing. The reasons in support of this Motion are more fully set forth in the Memorandum below.

                                                    _____
                                                    Steven M. Brown (0013000)
                                                    5664 Montridge Lane
                                                    Dublin, Ohio 43016
                                                    (614) 461-8900
                                                    stevebrownatty@gmail.com
                                                    Trial Attorney for Defendant

**Introduction, Status of Case and Objections to the Final Presentence Report**

Mr. Stopar understands that he will die in prison. He accepted responsibility for, and plead guilty to, sexual exploitation of children and possession of materials involving this exploitation, in violation of U.S.C. §§ 2251 and 2252. The statutory minimum for the former is 30 years to life, and the parties agreed that Mr. Stopar's sentence would be between 360 and 720 months.

Mr. Stopar asserted no objections to the Guidelines calculations contained in the initial Presentence Report, and the matter is set for sentencing on July 2, 2025. The Government

recommends a sentence of 720 months. Mr. Stopar, who is 66 years old, recommends a sentence of 360 months – he would be lucky to serve a third of that time before he dies.

**Basis for a Guidelines Deviation**

As the Court is aware, the Supreme Court's decision in *Gall v. United States* sets forth the three-step process for sentencing courts:[1] First, the court properly determines the guideline range.[2] Second, the court considers any departures from the range to arrive at the final advisory guidelines range.[3] Third, the court reviews the sentence under its *Booker* authority using the factors identified in 18 U.S.C. § 3553(a), including whether any variances are warranted.[4] The result must be a sentence that is "sufficient, but not greater than necessary," to achieve the four purposes of sentencing: retribution, deterrence, incapacitation, and rehabilitation.[5]  Under the § 3553(a) factors, a further downward variance or deviation is justified to reach a sentence that is sufficient but not greater than necessary.

Sentencing courts should fashion a punishment that "fit[s] the offender and not merely the crime."[6] They should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and

---

[1] 552 U.S. 38, 49 (2007) (the district court should begin all sentencing proceedings by correctly calculating the applicable guideline range, and "to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."); *see also* USSG § 1B1.1(a)–(c) (Application Instructions).

[2] *Id.*; 18 U.S.C. § 3553(a)(4).

[3] 552 U.S. at 50; 18 U.S.C. § 3553(a)(5).

[4] *See* USSG § 1B1.1(c); *see also United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005); *United States v. Stone*, 432 F.3d 651, 655 (6th Cir. 2005).

[5] *See* 18 USC § 3553(a)(2).

[6] *Pepper v. United States*, 562 U.S. 476, 487-88 (2011).

punishment to ensue."[7] While sentencing courts must consider the factors set forth in 18 U.S.C. § 3553(a), they are not required to give equal weight to all the factors and may thus afford more weight to a certain factor or factors.[8]

**(1)      18 U.S.C. § 3553(a)(1)**

The first factor set forth in § 3553(a) is the nature and circumstances of the offense and the defendant's history and characteristics.

**(a)      Nature and Circumstances of the Offense**

Mr. Stopar sexually exploited and abused children. The crimes are horrific, and the consequences of Mr. Stopar's conduct will ripple through time in the lives of the young children who were abused. Because of this, Mr. Stopar will die in prison.  He is not asking for any relief from this reality.  Undersigned counsel, however, is asking that Mr. Stopar's sentence not be doubled (to 720 months) as the Government recommends.  There is one reason why the appropriate sentence should be 360 months and not 720 months. In essence, the difference between 30 and 60 years is (practically speaking) a difference without a distinction.  Mr. Stopar will die long before a sentence of 30 years is served. To double the sentence serves no purpose under the § 3553 analysis. As such, a sentence of 60 years is greater than necessary to serve the purposes of sentencing. Really, the only benefit of doubling the sentence to 60 years would be to allow a more sensational post-sentencing press release from the U.S. Attorney's Office.

---

[7] *Gall v. United States*, 552 U.S. 38, 52 (2007) (for the sake of readability, all citations have been "cleaned up," meaning internal quotations and citations removed, unless noted).

[8] *See, e.g.*, *United States v. Thomas,* 337 Fed. Appx. 505, 510, 2009 WL 2169507, at *4 (6th Cir. 2009) ("the Sixth Circuit has never held that a district court must give equal weight to the factors under § 3553(a)[] … [and] has expressly rejected this position …."); *see also, United States v. Martin*, 371 Fed. Appx. 638, 642, 2010 WL 1324890, at *4 (6th Cir. 2010) (rejecting claim that sentence was substantively unreasonable even if, "assuming, arguendo, that the district court afforded more weight to § 3553(a)(6) than to other factors ….")

### (b) Defendant's History and Characteristics

There is a saying…"hurt people hurt people." However, the fact that Mr. Stopar qualifies as a "hurt" person is not subject to debate. He was neglected as a child; he was sexually abused as a young child; he suffered a childhood traumatic brain injury that resulted in a lengthy coma and the eventual need to relearn how to walk, read and write. One need not wonder why Mr. Stopar's critical decision-making skills are undeveloped. And it is true that hurt people do hurt other people by modeling the behavior they experienced. This is not a defense or a justification for Mr. Stopar's conduct (and he has never suggested this) but it does help to explain how Mr. Stopar found himself perpetuating the cycle of sexual abuse that attended his childhood. In other words, Mr. Stopar's history does not excuse his own abusive behavior but it does provide insight about the origin of Mr. Stopar's abusive conduct towards others. Acknowledging how cycles of abuse work is a necessary step in breaking them. This never happened with Mr. Stopar. Maybe that was his fault, maybe not. Again, this is not an excuse - it simply is the reality that is Mr. Stopar. The Government feels Mr. Stopar should die in prison, and Mr. Stopar does not disagree. However, 30 years will suffice to meet this end.

### (2) 18 U.S.C. § 3553(a)(2)

The second factor in § 3553(a) speaks to the need for a sentence to further the four purposes of sentencing: retribution, deterrence, incapacitation, and rehabilitation. These goals are sufficiently served by a sentence of imprisonment of 30 years, since this sentence will result in Mr. Stopar's incarceration until his death.

### Conclusion

A term of imprisonment of 30 years is sufficient but not greater than necessary to satisfy the relevant § 3553(a) factors.

Respectfully submitted,

_____
Steven M. Brown (0013000)
5664 Montridge Lane
Dublin, Ohio 43016
(614) 461-8900
stevebrownatty@gmail.com
Trial Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Sentencing Memorandum was served upon counsel for the Government by filing with the Court's ECF system on this 30th day of June, 2025.

_____
Steven M. Brown (0013000)